# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

GREAT MIDWEST INSURANCE COMPANY, :

    Plaintiff, :

vs.                                                             CA 09-0818-CG-C

MANNING INC., et al., :

    Defendants. :

## REPORT AND RECOMMENDATION

This cause is before the undersigned for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the complaint (Doc. 1), defendant Manning, Inc.'s motion to dismiss for lack of subject-matter jurisdiction (Doc. 11), and plaintiff's response and motion to amend complaint (Doc. 13). After consideration of the foregoing pleadings, it is the undersigned's recommendation that the plaintiff's motion to amend its complaint (Doc. 13) be **GRANTED** thereby **MOOTING** defendant's motion to dismiss (Doc. 11) inasmuch as the amended complaint for declaratory judgment and relief (Exhibit A to Doc. 13) cures the deficiency contained in the original complaint (Doc. 1) noted by the moving defendant.

**FINDINGS OF FACT**

1. In its complaint for declaratory judgment and relief filed December 17, 2009, plaintiff Great Midwest Insurance Company alleged, in significant part, that defendant Glenda Lee "is an adult ***resident*** of Mobile County, Alabama and has never been a ***resident*** of the State of Michigan." (Doc. 1, at ¶ 3 (emphasis supplied))

2. Soon after being served with the complaint, defendant Manning, Inc. filed its motion to dismiss for lack of subject-matter jurisdiction arguing that a "complaint that alleges the state of residence, but not the state of citizenship, of an individual defendant is insufficient to establish subject-matter jurisdiction under 28 U.S.C. § 1332[,]" and urging this Court to dismiss this action. (Doc. 11, at 1-2)

3. Great Midwest combined its response to Manning's motion to dismiss with a motion for leave to amend its complaint on February 8, 2010. (Doc. 13) Acknowledging that citizenship of an individual, not residence, is the key factor (*id.* at 2), plaintiff seeks leave of this Court to file an amended complaint, same to read, in relevant part, as follows: "Defendant Glenda Lee [] is an adult ***citizen*** of Mobile County, Alabama and has never been a ***citizen*** of the State of Michigan." (Doc. 13, Exhibit A, Amended Complaint for

Declaratory Judgement and Relief, at ¶3 (emphasis supplied))

4. Defendant Manning did not file a reply to plaintiff's response (*see* Doc. 12, at 1 ("Plaintiff is **ORDERED** to file a response to this motion [to dismiss] on or before **February 18, 2010** and defendant Manning its reply not later than **February 25, 2010**.")) nor did either defendant file a response to plaintiff's motion for leave to file an amended complaint, though extended the opportunity so to do (*see* Doc. 14). Instead, implicitly signaling to the Court the appropriate disposition of the pending motions, the only document filed by the parties since entry of the undersigned's order dated February 9, 2010 (Doc. 14) is the Rule 26(f) report filed February 19, 2010 (Doc. 15).

## **CONCLUSIONS OF LAW**

1. It is clearly established that for purposes of diversity jurisdiction, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Kerney v. Fort Griffin Fandangle Ass'n, Inc.,* 624 F.2d 717, 719 (5th Cir. 1980) ("An allegation of residence is insufficient to establish diversity jurisdiction. The plaintiff must allege citizenship.");[1] *Sheldon Good & Co. v. San Carlos Condominium*

---

[1] All decisions of the former Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207

3

*Development, LLC*, 2008 WL 5401648, *1 n.2 (S.D. Ala. 2008) ("'Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person.'").

2. Given the deficiency contained in the original complaint filed in this case, alleging the residence of defendant Glenda Lee as opposed to her citizenship, it is clear that this Court could dismiss this cause without prejudice due to the failure to allege (and establish) complete diversity of citizenship. *Leos v. Alabama Watersports, Inc.,* 2001 WL 394901 (S.D. Ala. 2001). However, it is just as clear that this Court can allow an amendment to cure the identified deficiency in the original complaint. *See Kerney, supra,* 624 F.2d at 718-719 & 719 ("The defendants filed motions to dismiss for lack of jurisdiction over the subject matter of the action, asserting that because Kerney had alleged residence, not citizenship, and because he could not ascertain the citizenship of parties whose identity he did not know, he had not affirmatively established jurisdiction. After a hearing, the district court granted the defendants' motions, concluding that the record failed to show diversity of citizenship. The court dismissed the action without prejudice, granting Kerney the right to amend the pleadings to show jurisdiction and move for

---

(11th Cir. 1981).

reinstatement. . . . The first order dismissing Kerney's original complaint with leave to amend and to move for reinstatement was proper. Kerney did not satisfy the burden, always on plaintiff, of establishing diversity of citizenship between the plaintiff and all defendants, for he alleged only the residence and not the citizenship of the parties. An allegation of residence is insufficient to establish diversity jurisdiction. The plaintiff must allege citizenship.").

3. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may seek leave of the Court to amend its complaint and it counsels courts to "freely give leave when justice so requires." *Id*.

> "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Group*, 660 F.2d 594, 598 (5th Cir. 1981). The U.S. Supreme Court has held that undue delay and futility are adequate bases for denying leave to amend.
>
>> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court.
>
> *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

5

*Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir.), *cert. dismissed*, 528 U.S. 948, 120 S.Ct. 370, 145 L.Ed.2d 287 (1999); *see Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) ("While a decision whether to grant leave to amend is clearly within the discretion of the district court, a justifying reason must be apparent for denial of a motion to amend.").

4. In this case, the defendants do not oppose plaintiff's motion to amend its complaint (*see* Docket Sheet); therefore, this Court should exercise its discretion to allow the amendment. *Burger King Corp.*, *supra*, 169 F.3d at 1319 ("'[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'"). Accordingly, the undersigned recommends that plaintiff's motion for leave to amend its complaint (Doc. 13) be **GRANTED**.

5. Because the amended complaint cures the deficiency in the original complaint, same alleging that Glenda Lee is an adult citizen of Mobile County, Alabama (Doc. 13, Exhibit A, at ¶ 3), the undersigned further recommends that defendant Manning's motion to dismiss for lack of subject-matter jurisdiction (Doc. 11) be found **MOOT**.

## **CONCLUSION**

It is recommended that the Court **GRANT** plaintiff's motion for leave to amend its complaint (Doc. 13) thereby **MOOTING** defendant Manning's motion to dismiss (Doc. 11).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 4th day of March, 2010.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[2]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).